cat/div 550 / 1983 / Broward
Case # ___ N/A
Judge ___ N/A Mag White
Motn Ifp ___ no ___ Fee pd $ 0
...cpt # _____

FILED by _____ D.C.

MAR - 7 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Eric Watkins
10814 NW 40th Street
Sunrise, Florida 33351

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC WATKINS
          Plaintiff,

VS

BROWARD SHERIFF DEPUTY
EUGENE E. MOBLEY
          Defendants.

CASE NO. _____16-cv-60436-WJZ_____

Civil Rights Complaint
Pursuant to 28 U.S.C §
1331 and 42 U.S.C § 1983

Jurisdiction

① Eric Watkins (Plaintiff) is a resident of Florida whose mailing address is 10814 NW 40th street, Sunrise Florida 33351.

② Defendant Deputy Eugene E. Mobley is a resident of Florida and is employed as a Broward county Broward Sheriff deputy at the Broward sheriff office at North Lauderdale, Florida 33068, 17300 Aroida parkway Weston, Florida 33326.

③ Jurisdiction invoked pursuant to 28 USC § 1331 and 42 USC § 1983

1 of 9 pp.

## NATURE OF CASE

④ This case involves a violation of Plaintiffs Fourth Amendment Rights.

⑤      Cause of Action(s)

I allege that my claims arise under the following constitutional provisions of laws of the United States and that the following facts forms the basis of my allegations:

⑥      Counts one

It is Plaintiff's complaint that on March 29, 2012 defendant Eugene E. Mobley (hereafter Defendant, Defendant mobley or mobley) while on duty as a Broward sheriff deputy in uniform and or doing security for the south Rock Cafe - a night club - did willfully violate Plaintiffs Fourth Amendment Right to be free from unlawfull arrest - that is, an arrest without probable cause - when he arrested Plaintiff for disorderly intoxication, §856.11, and for resisting officer without violence to his or her person - §843.02. Prior to the time of arrest this defendant did not witness, nor was there factual or circumstantial, evidence that plaintiff was intoxicated, or that the public or officers safety was in danger or that the officer or defendant was engaged in the lawfull execution of a legal duty, or that plaintiffs actions constituted obstruction or resistance of the defendants execution of a legal duty.

⑦ As the results of there unlawfull arrest, supra,

2 of 9 pp

Plaintiff was tasered and placed in Jail.

8    As the result of the tasering Plaintiff suffered injury via great paralyzing pain throughout his whole body during the tasering and great pain from the side of his face, neck and head from being tasered in the neck and falling on the side of his face and head. Couple of hours subsequent to the tasering the side of Plaintiff face, and head swelled considerably. Pain to the side of Plaintiff's face and head lasted approximately two weeks. Plaintiff also suffered immediate neck pains and to this day is still suffering from neck pains and neck twitching as a result of the tasering and how he fell on his face.

9    Plaintiff also suffered mentally during the tasering subsequent to and for thirty months after. During the tasering Plaintiff was frightened to the point of trembling on the pavement street. Plaintiff was emotionally distressed. Plaintiff was crying while being taken to the hospital and was experiencing anxiety and worrying about the tasering and its possible after effects. While in Jail Plaintiff suffered anxiety and worry over whether he would be able to post bail, how long he'll remain in Jail and any possible future effects and about just being in Jail.

10    After Plaintiff was bonded out for almost a year and a half after the tasering and arrest Plaintiff had

3 of 9 pp

many sleepless nights depressed and worrying over what the out come of the case would be, its effects on Plaintiff and on the tasering incident. Plaintiff continued to get flash backs of the tasering that would keep him up at nights, paranoid, frightened and worried.

(11) Plaintiff suffered hardships of having to wait thirty months before the case could be tried which caused him to continually borrow money from his family and friends to pay for gas and parking toll fees so he could meet his court dates.

(12) The tasering and arrest caused Plaintiff embarrassment and humiliation in that it was done in front of people out side the club, some of whom laughed at Plaintiff.

(13)                    Counts two
It is Plaintiff's complaint that on March 29, 2012 defendant officer Mobley did willfully violate Plaintiff's Fourth Amendment right to be secured in his person against unreasonable seizures of him when the defendant used excessive force by way of tasering plaintiff inspite of the fact that there existed no justifiable governmental inter-est to justify tasering Plaintiff. Plaintiff did not pose a physical or verbal threat to the defendant or anyone else or property, Plaintiff never

4 of 9 pp.

resisted or refused an arrest or valid order of the defendant or other officer nor was Plaintiff warned of any violation prior to being tasered. The Defendant never told Plaintiff that he was under arrest and to submit to hand cuffing. The defendant claimed to taser plaintiff because he kept yelling that he didn't have to leave inspite of the officers numerous orders to leave the premisses - but plaintiff did not do such as the officer claims.

(14) As the result of the tasering Plaintiff suffered significant physical injury by way of great paralysing pain throughout his whole body, great pain from his neck and left side of his face and head and suffered mental and psychological distress as he described and demenstrated under Counts one - see pagess 3-4.

## Supporting facts

(15) On March 29, 2012 at approximately 11:00pm Plaintiff patroned the south Rock cafe night club which is located in the Lauderdale Lakes Shipping Center off of 441 North of Oakland park Blvd.

(16) Some time after 12 am a male patron to the club and a security Gaurd of the club approached Plaintiff in the club and started a verbal altercation with Plaintiff because the

5 of 9 pp.

male patron did not like Plaintiff speaking to his girl friend.

17. During the altercation the security physically put Plaintiff out of the club. Once out side Plaintiff walked south on the outside shopping center sidewalk and approached Defendant officer mobley, who was standing in that location away from the club and was in his BSO deputy uniform.

18. Plaintiff approached defendant mobley and stood approximately five feet infront and away from him and complained that the security guard had unfairly put him out of the club and aske the defendant if he could investigate the issue.

19. In an aggressive and angry tone the defendant told Plaintiff to get into his car and leave while pointing in the direction of where plaintiff's car was parked. The defendant was in the same area when plaintiff had initially parked up in the lot and went to the club earlier.

20. At this point plaintiff backed up from the defendant a few steps and stated "sir you cant just investigate why the security put me out of the club. I did not do anything wrong." The defendant got more irate in attitude and sternly repeated to plaintiff get into your car and leave. Stunned by the officers reaction to me I backed up some more

6 of 9 pp.

turned to the female officer, that was also standing on the side walk down from the club but away from the defendant, and said to her all I'm asking is that the officer investigate why the security put me out of the club because I didn't do anything wrong.

21) While speaking to the other officer the defendant tased me at the left side of my neck. The tase knocked me off of my feet to the ground and onto the left side of my face and head. Immediately Plaintiff began to experience a lot of pain to his neck and left side of his face and head. A few hours later the left side of Plaintiff's face and head became considerably swollen and he remained in pain, ever since the tasering Plaintiff continues to suffer from neck pains and now has neck twitches. During the tasering Plaintiff was in great paralysis pains all over his body. He thought he was getting a heart attack. Plaintiff did not know what had happened. He thought he'd been shot.

22) Once on the ground Plaintiff heard the defendant order him to put his hands behind his back and Plaintiff immediately complied with the order.

23) I was then placed into a fire rescue ambulance and taken to the hospital where the taser prongs was removed from his neck.

7 of 9 pp

(24) During all this time Plaintiff remained in great pain from his neck, left side of his face and head.

(25) Plaintiff was then taken to Jail where he resided until he made bail a couple of days later.

(26) For approximately after the tasering Plaintiff continued to experience neck pains from the area of his neck where he was tased, other areas of his neck that was affected by the tasering and twitching of the neck that continues to this day for a while year and a half subsequent to the arrest and tasering Plaintiff had trouble sleeping due to uncontrollable memory reflections on the tasering.

(27) Plaintiff was embarrassed and humiliated by the tasering and the arrest as they were done in front of other persons outside of the Club and shopping center - they laughed and mocked Plaintiff.

(28) Plaintiff request a Jury trial in this case.

### Relief requested

(29) That this court issue a declaratory Judgment in this case that the actions of the defendant described in this complaint did violate Plaintiff's

8 of 9 pp

constitutional Rights he asserts in the complaint.

30   Plaintiff believes that the defendant should pay him one million dollars (0,000,000.00) for the state constitutional violations, supra, and the physical and mental injuries he suffered and continues to suffer as a result, including his incarceration.

Respectfully submitted this 1 day of March 2016.

Eric Watkins
10814 NW 40th Street
Sunrise, Florida 33351

Declaration under penalty
of perjury

I Eric Watkins, the Plaintiff and undersigned, declares under the penalty of perjury that I have read the above complaint and that the information, statements, fact allegations and complaint contained in this complaint is true and correct to the best of my knowledge pursuant to 28 USC § 1746 and 18 USC § 1621.

Executed at FT. Lauderdale, Florida on March 1 2016.
Eric Watkins

9 of 9 P.P.

Eric Watkins
10814 NW 40th street
Sunrise, Florida 33351

**USMS
INSPECTED**

WEST PALM BCH FL 334

02 MAR 2016 PM 7 L

MAR 04 2016
12:15 PM

**RECEIVED**

United States District Court
Southern District of Florida
Office of the Clerk-Room 8N09)
400 North Miami Avenue
Miami, Florida 33128

3312877i699

Case 0:16-cv-60436-WPD   Document 1   Entered on FLSD Docket 03/07/2016   Page 10 of 11

United States District Court
Southern District of Florida

Case Number: _Watkins_____

# SUPPLEMENTAL ATTACHMENT(S)

Please refer to the supplemental paper "court file" in the division where the Judge is chambered. These attachments must <u>not</u> be placed in the "chron file".

[ ] **NOT SCANNED**

    [ ] Due to Poor Quality

    [ ] Bound Extradition Papers

    [ ] Photographs

    [ ] Surety Bond (Original <u>or</u> Letter of Understanding)

    [ ] CD or DVD (Court Order <u>or</u> Trial Purposes only)

    [ ] Other:_____

[✓] **SCANNED**

    [✓] But Poor Quality

    [ ] Habeas Cases (State Court Record/Transcript)

Date: ___3-7-16___